STEPHANOS GREGORY, as Administrator, etc., of EFIMIA GREGORY, Deceased, Appellant, *v.* MEMORIAL HOSPITAL, ALBANY, N. Y., Respondent.

Judgment dismissing the complaint reversed, on the law, and new trial granted, with costs to the appellant to abide the event. Hill, P. J., concurs, with a memorandum, in which Heffernan, J., concurs; Rhodes, J., concurs, with a memorandum; Crapser, J., dissents, with a memorandum.

HILL, P. J. (concurring). Plaintiff's intestate, in a weakened and helpless condition, and while convalescing from a major operation, was a patient in defendant's hospital. The evidence would have sustained the finding that she died from inhaling poisonous gases given off when 7,500 X-ray films burned. The films had been stored, with defendant's consent, in its building without attempt at fireproofing. The place of storage was such that the poisonous gases were carried to the room occupied by deceased. Defendant asks immunity because it did not know of the danger. Evidence that experiments had been made and the results published disclosing the danger of and from the combustion of films of like character was improperly excluded. No negligence is imputed because the fire started but only because defendant allowed the films to be stored, knowing or having the opportunity to learn of the attendant danger. Defendant owed decedent the care and protection commensurate with her helplessness. The very nature of its undertaking was implicit with an obligation to furnish safe shelter and exercise care proportionate to the untoward results which would follow the lack thereof. (*Friedman* v. *Schindler's Prairie House, Inc.*, 224 App. Div. 232; affd., 250 N. Y. 574; *Maclenan* v. *Seeger*, L. R. [1917] 2 K. B. 325.) This was a non-delegable duty. (*Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191; *Herman* v. *Board of Education*, 234 id. 196; *Sciolaro* v. *Asche*, 198 id. 77.) Heffernan, J., concurs.

RHODES, J. I concur, on the ground that the defendant permitted the storage of a large quantity of inflammable films on its premises. The general properties and characteristics of these films are common knowledge. There was a question of fact for the jury as to whether the defendant, chargeable with this knowledge, should have anticipated that injury might result to decedent from the potential danger, and if so whether it used reasonable care and precaution to protect her from such danger.

CRAPSER, J. (dissenting). I dissent and vote to affirm on the ground that no evidence was offered by the plaintiff that the method used by the defendant in the storage of the films was not the usual method; that the relation of master and

servant did not exist between the defendant and Dr. Prentice. (*Hamburger* v. *Cornell University*, 240 N. Y. 328; *Phillips* v. *Buffalo General Hospital*, 239 id. 188.) Negligence is not a matter to be judged after the occurrence. It is always a question what a reasonably prudent man under the same circumstances would or should, in the exercise of reasonable care, have anticipated. (*Paul* v. *Consolidated Fireworks Co.*, 133 App. Div. 310, 314.) No liability for negligence attaches to a party when in the prosecution of a lawful act injury to another is caused by a pure accident; nor can one be said to be negligent merely because he fails to make provision against an accident which he cannot reasonably be expected to foresee. (*Dougan* v. *Champlain Transportation Co.*, 56 N. Y. 1.) The evidence shows that the defendant had suffered no previous fire and had no previous experience in the burning and decomposition of films; and as far as the record shows had neither knowledge nor notice of the unfortunate consequences therefrom. The evidence shows that Dr. Prentice, the person in charge of defendant's X-ray room, knew nothing about the inflammable qualities of the films; he had never seen any circulars on the films addressed to the hospital.